## A. W. KUTSCHE & CO. v. HOT BLAST COAL CO.

Eastern Section.   March 9, 1935.

Petition for Certiorari denied by Supreme Court, June 29, 1935.

Vesser & Vesser, of Knoxville, for plaintiff in error.
L. C. Ely, of Knoxville, for defendant in error.

PORTRUM, J.   The plaintiff sued before a justice of the peace upon a contract for its breach, and obtained the judgment, which was carried to the circuit court on appeal and there tried by the judge without a jury. He found the facts as follows: The defendant was the general contractor constructing the federal building, known as the Federal Court and Post Office Building, in Knoxville.

The contractor advertised for bids for the construction of a high board fence around the premises, and the plaintiff submitting the lowest bid was awarded the contract. The plaintiff entered into a contract through the defendant's construction foreman in charge, and agreed to furnish the lumber and do the work for a specified sum of money, and to remove the fence for the discarded lumber. The plaintiff then sublet this contract to another, who procured the lumber and constructed the fence for the stipulated sum of money, the plaintiff retaining only the right as his profit to remove the fence for the waste lumber. It was understood that it would require at least eighteen months to complete the work and that the contract would not be fully performed within a year. After the building was completed, the defendant, through its then construction foreman, the contracting foreman having gone away, removed the fence and appropriated the lumber. He denied the plaintiff's right to remove the fence because there was no evidence of such a contract upon the books. We concur in this finding of facts.

The defense made is the statute of frauds (Code 1932, sec. 7831), which was pleaded. The trial court overruled the plea, and we do likewise for these reasons: This is a fully executed contract and the defendant has received the benefit and should pay the contract price. Even where the contracts are declared void because of the pleas of the statute of fraud, the one relying upon the statute must return the consideration received, which represents in this case the contract price.

"Although part performance by one of the parties to the contract within the statute of fraud will not, at law, entitle such party to recover upon the contract itself, he may nevertheless recover for money paid by him or property delivered, or services rendered in accordance with, and upon the face of, the contract. The law will raise an implied promise on the part of the other party to pay for what has been done in the way of part performance. . . ." Frauds, Statute of, 27 C. J., section 437. Rhea v. Allison, 3 Head, 176; Crippen v. Bearden, 5 Humph., 129.

The trial court gave judgment for $100, and his judgment is affirmed, with costs.